# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JAMIE LYNN LOWE, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>SANDRA DONAGHY, Asst. Dist. )<br>Attorney; 7th JUDICIAL DIST. )<br>CRIMINAL COURT; DAVID CLARK, )<br>Dist. Attorney's Office; RYAN )<br>SPITZER, Dist. Attorney's Office; )<br>SEAN FLYNN, Detective; DON )<br>SCUGLIA, Detective; ANDERSON )<br>COUNTY SHERIFF'S OFFICE; and )<br>ANDERSON COUNTY DETENTION )<br>FACILITY, )<br>)<br>    *Defendants*. ) | No.: 3:14-CV-475-PLR-CCS |

## **MEMORANDUM and ORDER**

A Deficiency Order was entered in this *pro se* prisoner's civil rights case, filed under 42 U.S.C. § 1983, on October 22, 2014, (Doc. 3). In the Deficiency Order, plaintiff was notified that, unless within thirty (30) days of that date, he paid the full filing fee or submitted the necessary documentation to support his pending motion for leave to proceed *in forma pauperis*, the Court would dismiss his lawsuit for failure to prosecute and to comply with the orders of the court and would assess the filing fee. Although the Court *sua sponte* allowed plaintiff a further twenty (20) days to comply with the Court's order, (Doc. 5), based on his letter indicating his intent to provide the

Court with the requisite documents in support of his *in forma pauperis* motion, that additional time has passed and plaintiff has not responded to those orders or otherwise communicated with the Court.

Accordingly, the Court presumes that plaintiff is not a pauper and hereby **ASSESSES** him the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) (instructing that "[f]f the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a)  twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or

(b)  twenty percent (20%) of the average monthly balance in plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

2

Case 3:14-cv-00475-PLR-CCS   Document 6   Filed 01/21/15   Page 2 of 3   PageID #: 21

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order and accompanying Judgment to the Sheriff of the Anderson County, Tennessee to ensure that the custodian of the plaintiff's inmate trust account at that facility complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of the Memorandum and accompanying Judgment Order to the court's financial deputy.

Because of the plaintiff's failure to comply with the orders of the Court and to prosecute his case, this lawsuit will be **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b).

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**A SEPARATE JUDGMENT WILL ENTER**.

**ENTER:**

_/s/ Pamela L. Reeves_
PAMELA L. REEVES
UNITED STATES DISTRICT JUDGE